UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JET EXPERTS, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>ASIAN PACIFIC AVIATION LIMITED and TVPX AIRCRAFT SOLUTIONS, INC., IN ITS CAPACITY AS OWNER TRUSTEE,<br><br>                      Defendants. | Case No. 1:22-cv-02426 |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR**
**PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65**

      Upon reading and filing of Plaintiff Jet Experts, LLC's Verified Complaint, the exhibits attached thereto, Plaintiff's accompanying Memorandum of Law in support of a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, the Declarations of Dr. Bruce Gillis and Evan Way, and the exhibits attached thereto, and with no prior application for this relief having been sought, it is hereby:

      1.      ORDERED that Defendant Asian Pacific Aviation Limited ("Asian Pacific") and Defendant TVPX Aircraft Solutions, Inc., in its capacity as Owner Trustee ("TVPX") (collectively, "Defendants"), be present and show cause before this Court, at the Daniel Patrick Moynihan Courthouse located at 500 Pearl Street, New York, New York, Room 18b, on 8 day of April 2022 at 2 o'clock p.m., or as soon thereafter as counsel can be heard, why an order should not be issued restraining and enjoining Defendants, and each of their respective owners, principals, officers, directors, managers, employees, affiliates, subsidiaries, representatives, agents (including without limitation escrow agents), servants, attorneys, pilots,

flight crew members, aircraft managers, aviation vendors, and service providers; and all those acting in concert or participation with any of the foregoing who receive notice of this Order (collectively with Defendants, the "Restrained Parties"), pending a determination of Plaintiff's claims in this action, from directly or indirectly selling to anyone other than Plaintiff; or entering into a contract to sell, transferring, pledging, assigning, liquidating, setting off, hypothecating, or otherwise encumbering or disposing of, or taking any steps to in any way impair, abridge, modify, relinquish, waive or amend Defendants' rights, interests, ownership, and possession of, in and to that certain aircraft and engines described as follows:

> 2012 Bombardier Challenger 300 bearing manufacturer's serial number 20382 and U.S. Registration Number N528YT and two (2) Honeywell model AS907-1-1A aircraft engines bearing manufacturer's serial numbers P-118908 and P-118909, or any portion thereof (collectively, the "Aircraft").

2. IT IS FURTHER ORDERED that, until a hearing can be held on Plaintiff's motion for a preliminary injunction:

> (a) the Restrained Parties are enjoined and ordered to refrain from, directly or indirectly, selling the Aircraft to anyone other than Plaintiff, entering into a contract to sell, transferring, pledging, assigning, liquidating, setting off, hypothecating, or otherwise encumbering or disposing of, or taking any steps to in any way to impair, abridge, modify, relinquish, waive, or amend Defendants' rights, interests, ownership, and possession of, in, and to, the Aircraft;
> (b) the Restrained Parties are enjoined and ordered to refrain from transferring, or directing the transfer of the Aircraft's flight logs or avionics;
> (c) the Restrained Parties are enjoined and ordered to refrain from removing, transferring, or directing the removal or transfer of any documentation related to the Aircraft out of the possession of Insured Aircraft Title Services ("IATS" or

the "Escrow Agent").  If the Restrained Parties removed or transferred any documentation related to the Aircraft out of the possession of IATS after receiving notice of Plaintiff's motion but before the issuance of this Order, the Restrained Parties are to promptly return all such documentation to IATS;

(d) the Restrained Parties are enjoined from moving the Aircraft from its current location without Plaintiff's prior written authorization; and

(e) the Restrained Parties are enjoined from operating the Aircraft for any purpose whatsoever unless expressly permitted under the terms of Section 3.6 of the Purchase Agreement, or as expressly permitted by Plaintiff in writing.

3. IT IS FURTHER ORDERED that nothing in this order shall be construed (a) to prevent a sale and/or transfer of rights in the Aircraft to Plaintiff; or (b) to prohibit movement of the Aircraft into or within the United States to provide for efficient and safekeeping of the Aircraft while this Order is in effect, so long as such movement is done in a manner and under circumstances agreed to in writing with Plaintiff.

4. IT IS FURTHER ORDERED that service of a copy of this Order and the papers upon which it is based to Defendants' counsel by email before 10 o'clock a.m. on March 25, 2022, shall be good and sufficient service.

5. IT IS FURTHER ORDERED that Defendants' papers in opposition to the Plaintiff's motion for a preliminary injunction, if any, shall be served on Plaintiff's counsel by email and by overnight courier at the address identified in Plaintiff's papers on or before April 1, 2022, and Plaintiff's reply papers, if any, shall be served on Defendants' counsel by email and by overnight courier on or before April 4, 2022.

6. IT IS FURTHER ORDERED that as a condition of this Order, Plaintiff shall post a bond, pursuant to Fed. R. Civ. P. 65(c), in the amount of $5,000.00, no later than 5:00 pm. on March 25, 2022.

7. This temporary restraining order has been issued without notice to Defendants to prevent the imminent impending sale of the Aircraft before all parties can be heard.

Dated: March 25, 2022
    New York, New York

                                              _____
                                                   DENISE COTE
                                       United States District Judge