ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

JET EXPERTS, LLC,

               Plaintiff,

- against -

ASIAN PACIFIC AVIATION LIMITED
and TVPX AIRCRAFT SOLUTIONS, INC.,
IN ITS CAPACITY AS OWNER TRUSTEE,

               Defendants.

------------------------------------X

22 Civ. 2426 (LLS)

ORDER

     Defendants claim that Sections 7.5.1 and 7.5.2 of the Aircraft Purchase Agreement protects them from any remedy calling for specific performance, and in any event limit plaintiff's damages to $100,000.

     Those Sections provide:

     7.5    Default.

7.5.1   Seller's Default. Unless otherwise provided herein, this Agreement may be terminated by Purchaser in the event of a breach by Seller of any material obligation under this Agreement which breach is not cured within ten (10) Business Days of the delivery to Seller of written notice there of from Purchaser or which breach by its nature cannot be cured prior to Closing. If Purchaser elects to terminate this Agreement under this Section 7.5.1, (i) the entire Deposit (including the applicable Reimbursable Flight Costs Deposit) shall be immediately refunded to Purchaser, (ii) Seller shall reimburse Purchaser upon Purchaser's demand for the actual costs of the Purchaser's Inspection paid or payable by Purchaser to the Inspection Facility, (iii) Seller shall reimburse Purchaser any documented out of pocket costs (including, without limitation, legal fees) expended or payable by Purchaser in connection with the transactions contemplated hereby, (iv) Seller shall bear the Flight Costs for all, as applicable, of the Positioning Flight, the Test Flight, and the Return Flight, and (v) this Agreement shall be of no further force or effect. The aggregate amount of all such reimbursement and costs mentioned in Section 7.5.1(ii) and 7.5.1(iii) shall be limited to One Hundred Thousand and No/100 United States Dollars (US$100,000.00). Purchaser acknowledges and represents that the above-referenced

damages and reimbursements are a reasonable estimate of the damages that would be incurred by Purchaser in the event Seller defaults on Seller's obligations under this Agreement. Purchaser's rights to receive the above-referenced amounts shall be the sole remedies available to Purchaser in the event Seller defaults on Seller's obligations under this Agreement, and Purchaser waives any other remedies that may be available to Purchaser at law or in equity.

7.5.2   Purchaser's Default.  Unless otherwise provided herein, this Agreement may be terminated by Seller in the event of a breach by Purchaser of any material obligation under this Agreement which breach is not cured within ten (10) Business Days of the delivery to Purchaser of written notice thereof from Seller or which breach by its nature cannot be cured prior to Closing. If Seller elects to terminate this Agreement under this Section 7.5.2, (i) Escrow Agent shall pay the Deposit to Seller as liquidated damages and distribute to Seller the Reimbursable Flight Costs for the Positioning Flight and Test Flight (if applicable), which has been pre-paid by Purchaser (for the avoidance of doubt, any insufficient amount of such pre-paid Reimbursable Flight Costs shall be paid by Purchaser to Seller directly, and any excess amount of such pre-paid Reimbursable Flight Costs shall be refunded to Purchaser by Escrow Agent), (ii) Purchaser shall pay to Seller the Reimbursable Flight Costs for Return Flight, (iii) Purchaser shall pay to the Inspection Facility any unpaid costs of the Purchaser's Inspection, and (iv) this Agreement shall be of no further force or effect. Seller acknowledges and represents that the liquidated damages amount provided for in this Section 7.5.2 is a reasonable estimate of the damages that would be incurred by Seller in the event Purchaser defaults on Purchaser's obligations under this Agreement. Seller's right to receive the Deposit as liquidated damages and Reimbursable Flight Costs and to require Purchaser to make payment to the Inspection Facility for any unpaid Inspection costs under this Section 7.5.2 shall be the sole remedies available to Seller in the event Purchaser defaults on Purchaser's obligations under this Agreement, and Seller waives any other remedies that may be available to Seller at law or in equity.

Sections 7.5.1 and 7.5.2 provide for termination of the contract, but each of them rests upon a predicate: the other party has defaulted.  It is that default that creates in the non-defaulter the power to terminate the contract on the terms set forth in the section.

In this case there is no default by the buyer, and the terms set forth in the section are not available to the seller.

This seller, without provocation, simply declared the whole contract was terminated, including those inapplicable sections.  They are inapplicable because there is no predicate default by the buyer.  The condition precedent to their taking effect has not been satisfied.

Thus those sections are not effective for the benefit of the seller, who in any event rejected the whole contract containing them. The case is to be regarded as a simple breach of contract subject to the normal remedies provided by law.

Among those is the ordering of specific performance of the contract, which is particularly appropriate in the sale of unique assets.

So Ordered.

Dated: New York, New York
April 12, 2022

                                           *Louis L. Stanton*
                                              LOUIS L. STANTON
                                                   U.S.D.J.