```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JET EXPERTS, LLC,

                    Plaintiff,

    v.

ASIAN PACIFIC AVIATION
LIMITED and TVPX AIRCRAFT
SOLUTIONS, INC., IN ITS
CAPACITY AS OWNER TRUSTEE,

                    Defendants.

Case No. 1:22-CV-02426-LLS

ORDER

      The attached Order to Show Cause for an Injunction, signed this day, is hereby substituted for the similar Order signed on April 14, 2022, which is vacated.

      So Ordered.

Dated:    New York, New York
           April 21, 2022

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JET EXPERTS, LLC, <br><br>        Plaintiff, <br><br>v. <br><br>ASIAN PACIFIC AVIATION LIMITED and TVPX AIRCRAFT SOLUTIONS, INC., IN ITS CAPACITY AS OWNER TRUSTEE, <br><br>        Defendants. | Case No. 1:22-CV-02426-LLS |

**ORDER TO SHOW CAUSE FOR AN INJUNCTION PURSUANT TO THE ALL WRITS ACT, 28 U.S.C. § 1651(A), FEDERAL RULES OF CIVIL PROCEDURE 65 & 71, AND THIS COURT'S INHERENT POWER TO PRESERVE ITS JURISDICTION, AND AN ANTI-SUIT INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Upon reading and filing of Plaintiff Jet Experts, LLC's Verified Complaint, Memorandum of Law In Support Of: (1) a Temporary Restraining Order; (2) an Injunction Pursuant To the All Writs Act, 28 U.S.C. § 1651(a), Federal Rules of Civil Procedure 65 & 71, and this Court's Inherent Power To Preserve Its Jurisdiction; and (3) an Anti-Suit Injunction, the Declarations of Dr. Bruce Gillis, Courtney Rockett, Esq. and Jeffrey Hills, Esq., and the exhibits attached thereto, and with no prior application for this relief having been sought,

And whereas there is good cause to direct that the Restrained Parties identified below reasonably assist in the preservation of this Court's jurisdiction over this matter, to assist in the preservation of the Aircraft that is the subject of this action, and the implementation of this Order, and to refrain from frustrating this Court's ability to exercise its jurisdiction over this matter, or the implementation and purposes of this Court's March 25, 2022 TRO, as extended, and this Order, pursuant to the All Writs Act, it is hereby:

1. ORDERED that Defendant Asian Pacific Aviation Limited ("Asian Pacific") and Defendant TVPX Aircraft Solutions, Inc., in its capacity as Successor Owner Trustee ("TVPX") (collectively, "Defendants"), be present and show cause before this Court, at the Daniel Patrick Moynihan United States Courthouse located at 500 Pearl Street, New York, New York, Room 21C, on 21st day of April 2022 at 2 o'clock P .m., or as soon thereafter as counsel can be heard, why an order should not be issued restraining and enjoining Defendants, and each of their respective parent companies, affiliates, subsidiaries, owners, principals, shareholders (including, without limitation, Fang Jiancheng or Jiancheng Fang, and Wang Ling), officers, directors, managers, employees, representatives, agents (including, without limitation, Insured Aircraft Title Services, Inc. or any other escrow agent), servants, attorneys, pilots, flight crew members, aircraft managers, and service providers (including, without limitation, Yueyang Li, Run Xu, and Ning Wang of King & Wood Mallesons, counsel for Asian Pacific and Jeff Towers, Esq., General Counsel for Defendant TVPX), and all those acting in concert or participation with any of the foregoing who receive notice of this Order (collectively with Defendants, the "Restrained Parties"), pending a determination of the claims of Jet Experts, LLC ("Plaintiff") in this action, from directly or indirectly:

    (a)    terminating the Amended and Restated Trust Agreement dated September 25, 2018, by and between Asian Pacific, as Trustor, and TVPX, as Successor Owner Trustee (the "Trust Agreement");

    (b)    terminating, removing, or replacing TVPX, as Successor Owner Trustee;

  (c)  resigning or causing TVPX to resign as Successor Owner Trustee;

  (d)  filing, commencing, or initiating any claim, legal or arbitral proceeding of any nature, or seek any relief whatsoever, in any other court in the United States, the People's Republic of China, or any other court, tribunal, regulatory body, arbitral body, or any other venue seeking to in any way affect Plaintiff's, Asian Pacific's and/or TVPX's rights, interests, ownership, and/or possession of, in, and to, that certain aircraft, engines, and related property described as follows:

> 2012 Bombardier Challenger 300 bearing manufacturer's serial number 20382 and U.S. Registration Number N528YT and two (2) Honeywell model AS907-1-1A aircraft engines bearing manufacturer's serial numbers P-118908 and P-118909, including, without limitation, all parts, components, manuals, logbooks, and records of any kind, or any portion thereof (collectively, the "Aircraft").

  (e)  seeking in any other court in the United States, the People's Republic of China, or any other court, tribunal, regulatory body, arbitral body, or any other venue, to enjoin Plaintiff from securing the anti-suit injunctive relief ordered in this Order;

  2.  IT IS FURTHER ORDERED that, until a determination has been made by this Court on Plaintiff's motion for injunctive relief,

  (a)  the Restrained Parties are enjoined and ordered to refrain from, directly or indirectly, marketing or entering into a contract with anyone to market the Aircraft for sale to anyone other than Plaintiff;

  (b)  Defendants are enjoined and ordered to refrain from, directly or indirectly, terminating the Amended and Restated Trust Agreement dated September 25, 2018, by and between Asian Pacific, as Trustor, and TVPX, as Successor Owner Trustee;

(c) Defendant Asian Pacific is enjoined and ordered to refrain from, directly or indirectly, terminating, removing, or replacing TVPX, as Successor Owner Trustee;

(d) Defendant TVPX is enjoined and ordered to refrain from, directly or indirectly, resigning as Successor Owner Trustee;

(e) Defendants Asian Pacific and TVPX are enjoined and directed to make all necessary arrangements to maintain the operational capacity of the Aircraft to ensure that it remains Airworthy and in good operating condition, including, without limitation, running the Aircraft's engines periodically, keeping the Aircraft safely and securely stored, checking all fluids, compiling with all manufacture's recommended maintenance, and other preservation measures;

(f) the Restrained Parties are enjoined and ordered to refrain from, directly or indirectly, filing, commencing, or initiating any claim, legal or arbitral proceeding of any nature, or seek any relief whatsoever, in any other court in the United States, the People's Republic of China, or any other court, tribunal, regulatory body, arbitral body, or any other venue seeking to in any way effect Plaintiff's, Asian Pacific's and/or TVPX's rights, interests, ownership, and/or possession of, in, and to, the Aircraft; and

(g) the Restrained Parties are enjoined and ordered to refrain from, directly or indirectly, seeking in any other court in the United States, the People's Republic of China, or any other court, tribunal, regulatory body, arbitral body, or any other venue, to enjoin Plaintiff from securing the anti-suit injunctive relief ordered in this Order.

3. IT IS FURTHER ORDERED that nothing in this order shall be construed (a) to prevent a sale and/or transfer of rights in the Aircraft to Plaintiff; or (b) to prohibit movement of

4

the Aircraft into or within Singapore or the United States to provide for efficient and safekeeping of the Aircraft while this Order is in effect, so long as such movement is done in a manner and under circumstances agreed to in writing with Plaintiff.

4. IT IS FURTHER ORDERED that nothing in this order shall be construed to prohibit Plaintiff from seeking to enforce this Order, or this Court's March 25, 2022 Temporary Restraining Order, as extended by Stipulated Order dated April 11, 2022, in any court in the United States, the People's Republic of China, or any other court, tribunal, regulatory body, arbitral body, or any other venue.

5. IT IS FURTHER ORDERED that the bond posted by Plaintiff in accordance with this Court's March 25, 2022 Temporary Restraining Order is sufficient to cover the relief obtained herein.

6. This Temporary Restraining Order has been issued with actual notice to Defendants, and if such notice shall in any way be deemed insufficient, then it is hereby ordered that this Court has the authority to issue this order without notice to prevent the imminent impending transfer of and harm to the Aircraft, and to prevent the interference with this Court's jurisdiction over this matter before all parties can be heard.

Dated: April 21, 2022
      New York, New York

*Louis L. Stanton*

**THE HONORABLE LOUIS L. STANTON**
**UNITED STATES DISTRICT JUDGE**