```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JET EXPERTS, LLC,

                    Plaintiff,

    - against -

ASIAN PACIFIC AVIATION LIMITED and
TVPX AIRCRAFT SOLUTIONS, INC., IN ITS
CAPACITY AS OWNER TRUSTEE,

                    Defendants.

22 Civ. 02426 (LLS)

MEMORANDUM TO COUNSEL

Attached is a draft for discussion at our conference at 2:30PM on August 8, 2022 of a Proposed Contempt Order, which I am contemplating signing on Monday August 15, 2022. I solicit your views.

Dated:    New York, New York
            August 5, 2022

                                                            *Louis L. Stanton*
                                                     LOUIS L. STANTON
                                                         U.S.D.J

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JET EXPERTS, LLC,<br><br>                Plaintiff,<br><br>    - against -<br><br>ASIAN PACIFIC AVIATION LIMITED and<br>TVPX AIRCRAFT SOLUTIONS, INC., IN ITS<br>CAPACITY AS OWNER TRUSTEE,<br><br>                Defendants. | 22 Civ. 02426 (LLS)<br><br>PROPOSED<br><br>CONTEMPT ORDER |

    Asian Pacific Aviation Limited ("Asian")'s counsel has candidly presented to this Court orders issued by the Intermediate People's Court of Hangzhou City, Zhejiang Province, where Asian is one of three defendants in a litigation over "private lending." The orders, taken together, cause the airplane at issue in this U.S. case to be seized for two years and held in China as collateral for liabilities in the amount of RMB 21,289,653, which was imposed on Asian in that Chinese case.

    That seizure, and retention of the airplane in China, frustrate the judgment against Asian entered by this United States District Court on May 4, 2022, and were not required by the Civil Ruling issued by the three-judge Court in Hangzhou City.

As recited in the Civil Ruling, plaintiff in that trial had applied for Asian and another defendant to furnish collateral (Civil Ruling pp. 1-2):

> "to preserve the property of the defendants YUAN DONG TIMBER GROUP LTD and Asian Pacific Aviation Limited in value of RMB 21,289,653. Ping An Property & Casualty Insurance Company of China Ltd Zhejiang Branch provides the security for the application of the property preservation filed by the plaintiff Zhejiang Qianyun Asset Management Co., Ltd."

Interestingly, that plaintiff had requested in its June 30, 2022 Complaint, Claim 4, that

> "the Plaintiff shall have the priority claim to receive the proceeds of disposal of the Bombardier model BD-100-1A10 aircraft (Challenger300) bearing the registration mark N528YT and manufacturer's serial number 20382."

Thus, in that Complaint filed two months after the issuance of this Court's Judgment the plaintiff sought, not possession of the aircraft, but the "proceeds" of its disposal: the $8,000,000 which would put Asian in funds more than sufficient to cover the security the Court granted. That is clear from the Complaint's later statement that Asian had stated it was unable to repay the loan "but agreed to use the Bombardier Challenger 300 aircraft bearing registration mark N528YT . . . as collateral for repayment of the loan."

Finding that plaintiff's application "is in compliance with the law," the three-judge Court granted it in its Order (July

-2-

18, 2022): "Freezing the account of defendants YUAN DONG TIMBER GROUP LTD and Asian Pacific Aviation Limited in the amount of RMB 21,289,653 or seizing and distraining other properties with the same value."

Neither the plaintiff's Complaint nor the Chinese Court's Order made any mention of seizing the aircraft at issue and grounding it in China for two years. As far as the Complaint and that Order appear, it was to be disposed of to generate the RMB 21,289,653, which would be frozen in Asian's account.

The first mention of seizing and grounding the aircraft appears in the Intermediate People's Court's Notice to Assist in Enforcement dated July 22, 2022, directing its Executive Bureau to provide "assistance" in

> "Seizing one Bombardier aircraft with registration number N528YT, model BD-100-1A10 (Challenger 300) and serial number 20382.
> The period of seizure shall be two years, commencing from July 22, 2022 to July 21, 2024, during which no change of ownership, creation of mortgage or other matters should be allowed.
> Note: The aircraft shall not be operated during the period of seizure."

That was new. It gives no reasons for seizure of the aircraft. That was not required by the governing direction of the three-judge Intermediate Court, nor suggested by the plaintiff.

There was no need to seize the aircraft. Its purchase price was planned to be delivered to defendants at the

closing of the sale of the aircraft (expected to occur within a week or two) and was $8,000,000 USD. That is more than twice the amount of yuan renminbi directed to be frozen by the three-judge Court, which is equivalent to approximately $3,150,000 USD, and thus would furnish Asian with ample ability to post in cash as security the whole amount directed by the three-judge Court.

What is clear is that when the December 2020 loan fell due and Asian was unable to repay it, Asian offered the aircraft as collateral for its repayment, and involved it in the creditor's suit, brought on June 30, 2022, by which time Asian was fully aware of its obligations under this Court's Judgment, by then two months old. Asian saw that suit as the means of evading the Judgment by having the aircraft seized and detained, rather than sold to plaintiff.

The insertion in the Notice to Assist, specifying the seizure of the airplane, was unnecessary for compliance with the three-judge Court's Order. It served only Asian's purpose in this U.S. case of retaining the aircraft in China, to evade and frustrate this Court's Order that the aircraft be sold to plaintiff for $8,000,000 USD and delivered in Singapore. Asian accomplished its purpose with the insertion in the Notice to Assist, which transformed

the Chinese Court's Order from one directing the posting of yuan renminbi as security to one accomplishing Asian's single purpose of evading the directions of this Court.

I accordingly find Asian in civil contempt of this Court's May 4, 2022 Judgment.

Asian is sanctioned as follows, to compel performance of its contract of sale and compliance with this Court's Judgment.

## Remedy

Asian is directed to terminate all business relations with any resident of the United States other than Plaintiff before the end of August 2022. That includes anything of a commercial nature, including preliminary discussions, entry into contracts, performance of contracts in which Asian is already engaged directly or indirectly (such as by a subsidiary or proxy), and any direct or indirect conduct or business of any nature with such a United States resident as counterparty. Such termination and cancelation of the conduct of business of any nature with any such United States resident shall commence immediately and persist until Asian completes delivery of the aircraft to plaintiff as required by the contract and the May 4, 2022 Judgment of this Court.

As far as the United States market is concerned, Asian and any successor or proxy is out of business as of August 31, 2022.

Asian is forbidden to rent, sell, or transfer the aircraft, nor shall TVPX Aircraft Solutions, Inc. as Owner/Trustee transfer title to the aircraft to any entity other then Plaintiff.

Those directions are remedial, and will in no sense impair or evade the purpose of the Chinese three-judge Court's Order. Indeed, they are designed to facilitate and promote the primary purpose of that Court's Order by placing in Asian's hands more than double the RMB 21,289,653 ordered by that Court to be posted as security in the litigation pending before it, while complying with the terms of Asian's contract and the lawful Judgment of this Court.

* * * * * * * * * * * * *

Consideration of whether sterner measures, such as those for criminal contempt, are needed may be briefly deferred. A rapid completion of the sale might show they are unnecessary.

So Ordered.

Dated:    New York, New York
            August 5, 2022

                                                LOUIS L. STANTON
                                                    U.S.D.J

Dated:    New York, New York