USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JET EXPERTS, LLC,

                           Plaintiff,

          - against -

ASIAN PACIFIC AVIATION LIMITED and TVPX
AIRCRAFT SOLUTIONS, INC., IN ITS CAPACITY
AS OWNER TRUSTEE,

                           Defendants.

22 Civ. 02426 (LLS)

ORDER

On July 25, 2022, Asian Pacific Aviation Limited ("Asian Pacific")'s counsel presented to this Court orders issued by the Intermediate People's Court of Hangzhou City, Zhejiang Province, where Asian Pacific is one of three defendants (along with TVPX, the Owner Trustee named in this case) in a litigation over "private lending." The orders, taken together, have caused the Aircraft at issue in this United States case to be seized for two years and held in China as collateral for liabilities in the amount of RMB 21,289,653, which was imposed on Asian Pacific and TVPX in that Chinese case.

That seizure, and retention of the airplane in China, frustrate the judgment against Asian Pacific and TVPX entered by this United States District Court on May 4, 2022. As more evidence has come to light, it appears that frustration was intentionally constructed by Asian Pacific's managers to prevent the transfer of the Aircraft to plaintiff Jet Experts, so that

-1-

it could resell the Aircraft to a higher bidder.

The situation with the Hangzhou Court (whose rulings in the case before it, based on what was represented to it, were entirely reasonable and correct) has to be straightened out. In the view of this Court, TVPX is in the best position to do so successfully.

TVPX expressed reluctance to appear in the Chinese court for several reasons. TVPX claims that its voluntary appearance and request for lifting of the "preservation" and enforcement seizure orders might expose it to unspecified, unrelated claims in China. It also claims that its Trust Agreement with Asian Pacific does not compel it take any legal action with respect to any encumbrances levied against the Aircraft.

TVPX's reluctance is understandable, but it must give way to (a) the complete facts, as it presents them to the Chinese court, (b) TVPX's predecessor-in-legal-title Asian Pacific's disreputable disobedience of this Court's order by using the Hangzhou litigation, i.e., delaying performance of its sale to Jet Experts through a manufactured series of unnecessary hurdles until the Hangzhou litigation matured, with its "private lending" debt for which Asian tendered the Aircraft as security, and (c) with this Court's Judgment directing both Asian Pacific and TVPX to "forthwith transfer to plaintiff, in accordance with the procedures set forth in the Aircraft Purchase Agreement, the legal title, possession and control" of the Aircraft.

-2-

Under the circumstances, I conclude that TVPX must apply in the Hangzhou Court, in which it is already a named party, for vacation of the order seizing the Aircraft, and that the legal expenses and costs of obtaining that relief, are to be borne by Asian Pacific.

Therefore, with respect to the action pending in the Hangzhou Intermediate Court captioned: Plaintiff *Zhejiang Qianyun Asset Management Co., Ltd.* ("**Zhejiang Qianyun**") vs. Defendants *YUAN DONG TIMBER GROUP LTD, Asian Pacific Aviation Limited* and *TVPX Aircraft Solutions Inc.* (private lending dispute, case number: (2022) Zhe 01 Min Chu No. 1194 (the "Chinese Action"), it is hereby ORDERED that:

1. Defendant TVPX, which is currently represented by Chinese litigation counsel of its choosing, must:

   A. Immediately appear in the Chinese Action through counsel and engage in all best efforts to correct any omissions and errors in the Court's records, including, without limitation, providing the Court with: (i) an accurate translation of the entire Trust Agreement, especially clauses 8.01 and 8.02 concerning the ownership of trust property and the right to transfer which are omitted from the Chinese translation filed by Asian Pacific; (ii) copies of Plaintiff Jet Experts' complaint in the US Action, all

-3-

temporary restraining orders issued by this Court, this Court's May 4, 2022 Order and Judgment, and July 14, 2022 Order; (iii) the Second Circuit's Order denying Defendants' emergency stay motion; and (iv) (Dkt. 58-1) Wang Ling's April 19, 2022 Declaration in support of Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order, (Dkt. 58-3) Guodong Chen's April 19, 2022 Declaration in support of Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order and (Dkt. 61) Defendants' April 20, 2022 Letter to the Court.

B. Show to the Chinese Court:

    (i)    That it is the owner and legal title holder of the Aircraft, with the sole right to pledge the Aircraft as collateral, which it has never done;

    (ii)    The absence of any relationship, agreement, loan, pledge, or debt between TVPX and plaintiff Zhejiang;

    (iii)    TVPX's duty to sell the Aircraft to Jet Experts, by contract and by order of this Court.

C. Immediately appear in the Chinese Action through

-4-

counsel and engage in all best efforts to seek

emergency and permanent relief from the Chinese

Court to vacate the seizure order on every

legally plausible basis.

The Court will address plaintiff's request for discovery

from defendants and their counsel separately. The Court will not

address the prior Order to Show Cause submitted by Plaintiff Jet

Experts to the extent not addressed herein, without prejudice to

Plaintiff Jet Expert's renewed request for any of the other

relief sought at a future date.

So Ordered.

Dated:    New York, New York
          August 18, 2022

                                     _Louis L. Stanton_
                                     Louis L. Stanton
                                     U.S.D.J.